UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT LEPELLETIER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 09-1119 (RJL) |
| ) | |
| U.S. DEPARTMENT OF ) | |
| EDUCATION ) | |
| ) | |
| and ) | |
| ) | |
| U.S. DEPARTMENT OF TREASURY ) | |
| ) | |
| Defendants. | |

## MEMORANDUM ORDER
(December 14, 2009) [# 7]

Now before the Court is the United States Department of Treasury's Motion to Dismiss Lepelletier's Complaint. Lepelletier, whose Complaint seeks declaratory and injunctive relief to settle a nearly forty-year-old student loan, proceeds *pro se* and opposes the motion. After consideration of the pleadings, applicable law, and the entire record herein, Treasury's Motion to Dismiss must be GRANTED.

The crux of Lepelletier's suit is an old student debt which the Department of Education claims is still outstanding. Pursuant to regular statutory procedure, Education referred the outstanding debt to Treasury for collection. (Def. Mot. [#7] at 1-2.) Treasury, through its Financial Management Service, operates the

Treasury Offset Program ("TOP"), which seeks to recoup outstanding non-tax debts like Lepelletier's by offsetting federal payments otherwise owed to the debtor. (*Id.*) In this case, Lepelletier claims Treasury has offset his federal stimulus payment and his income tax refunds in order to pay down the debt Education has certified as still outstanding. (Compl. ¶ 4.)

Lepelletier has named both the Departments of Education and Treasury as defendants to his suit. Treasury, however, is not a proper party to the suit. When a creditor agency, like Education in this case, refers a certified non-tax debt to Treasury, Treasury *must* offset federal payments otherwise owed to the non-tax debtor to help satisfy the outstanding debt. 31 U.S.C. § 3716(c)(1)(A); *see also Johnson v. Dep't of Treasury*, 300 Fed. App'x 860, 862-63 (11th Cir. 2008) (per curiam). Creditor agencies like Education may only certify debts that are eligible for offset under applicable regulations,[1] and it is incumbent upon the creditor agency, *not* Treasury, to afford the debtor due process with respect to disputing the outstanding debt. *See Johnson*, 300 Fed. App'x at 862-63. Accordingly, to the extent Lepelletier may seek to dispute his outstanding debt in court, he must proceed against the creditor agency with whom he has a dispute – here, Education. He cannot sustain his action against Treasury. *Id.*

For all these reasons, it is hereby

---

[1] *E.g.*, 31 C.F.R. § 285.5(d)(3).

**ORDERED** that the Department of Treasury's Motion to Dismiss [#7] is GRANTED, and that the Department of Treasury is hereby dropped from the case.

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　RICHARD J. LEON
　　　　　　　　　　　　　　　　　　United States District Judge